THE BOARD OF PRESIDENT AND DIRECTORS OF THE ST. LOUIS PUBLIC SCHOOLS, Plaintiffs in Error, *v.* ZEBULON HOLLINGSWORTH, Defendant in Error.

*Landlord and Tenant—Lease.*—A lease of land, if no reservation be made, includes the improvements or buildings on the premises leased.

### *Error to the St. Louis Court of Common Pleas.*

The plaintiffs, in their petition, stated: that they executed to defendant a lease of certain premises on the 10th day of January, 1859; that in the spring of 1857 the plaintiffs recovered judgment, in ejectment, against the defendant and one Elizabeth Hovis, in two suits, commenced by them, said Public Schools; that execution was issued upon said judgments, and the plaintiffs were put into possession of the said premises, in said lease described; that at the time of the execution of said lease, plaintiffs and defendant knew that the plaintiffs did not own the improvements on said leased ground; and that it was not intended or understood that the said lease should comprehend the improvements; that on the first day of June, 1859, the defendant informed plaintiffs that the Land Court had, in a certain partition suit, then pending in said court, in which defendant was a party, made an order of sale of said improvements; that the sale was to be made on the fifteenth day of June, 1859; that defendant requested plaintiffs to attend, and buy in the improvements for the use and occupation of defendant, as tenant of plaintiffs; that plaintiffs, at defendant's request, and knowing they would ultimately have to purchase said improvements, purchased them at said sale for $1,400, and received the deed of the sheriff therefor; that the use and occupation of the land and improvements together is worth $300 per annum, instead of $76.50, reserved in said lease; that since purchase of said improvements plaintiffs have asked defendant to pay them a reasonable rent for the premises and improvements, but he refuses.

To the petition the defendant demurred. The court sus-

tained the demurrer, and the plaintiffs declined to plead over, and judgment was given for defendant.

*Shepley*, for defendant in error.

I. There is no averment in the petition that defendant ever agreed to pay any rent for the improvements as such; or, that the plaintiffs agreed to lease the same to him as such; nor any averment what he was to pay as rent therefor. He might very well have recommended the plaintiffs to buy the improvements; it was a benefit to their possession, and when the property came to be revalued upon renewal of lease, the plaintiffs would receive an equivalent in the increased rental.

II. If the plaintiffs became possessed, at that sale, of anything that did not, by the terms of the lease, before that time granted by plaintiffs to defendant, enure to defendant, then plaintiffs have it still, as they have never conveyed or transferred to defendant any right or interest thus acquired.

III. The lease must be supposed to embody all the agreements between the parties.

IV. The petition shows that the alleged agreements were verbal, and therefore within the statute of fraud. The cases cited by the plaintiff have no relevancy to the case at bar.

*Casselberry*, for plaintiffs in error.

This suit is for an increase of the rent for the premises in controversy, in consequence of the plaintiffs, at the instance and request of defendant, having purchased, after the execution of the lease, improvements on the premises, amounting in value to fourteen hundred dollars, which belonged to third persons; the defendant only leased the ground of the plaintiffs, and not the improvements; the purchase therefore was a separate and distinct transaction, for the use and benefit of the defendant, at his special instance and request. Contracts concerning improvements are not within the statute of frauds. (See cases of Frear v. Hardenbergh, 7 John. 271; Lower v. Winters, 7 Cow. 263, and the numerous cases cited therein.)

St. Louis Public Schools v. Hollingsworth.

The defendant only specified one cause of demurrer, which seems to be, that the case is within the statute of frauds, because there is no written conveyance from the plaintiffs to him. The whole transaction relates to improvements on property, and not to any right, title, or interest in real estate; and for this reason the statute of frauds has nothing to do with the case according to the above decisions.

The defendant has a perpetual lease for the ground on which the improvements stand. If he cannot be compelled to pay any additional rent, he will have the use of the improvements forever without compensating the plaintiffs for the fourteen hundred dollars, which they paid for the improvements at his special instance and request, and for his own use and benefit. According to all rules of justice, the defendant ought to be compelled to pay an increased rent for the premises; not to compel him to pay additional rent, under the circumstances, would be allowing him to commit a plain direct fraud of the grossest kind.

BATES, Judge, delivered the opinion of the court.

The demurrer, in this case, was properly sustained. The lease, stated in the petition, was of the land, and (there being no reservation) by its terms included the improvements; and if anything was acquired by the plaintiffs by its subsequent purchase of the improvements, it enured to the benefit of the defendant. The purchase by the plaintiffs is not alleged to have been made solely on the request and for the use of the defendant, but that, "being so requested by the defendant, and knowing that they (the plaintiffs) would ultimately be compelled by law to purchase said improvements," the plaintiffs did purchase them. The consideration of the purchase was the plaintiffs' legal obligation to make it, and not the defendant's request. The petition shows no cause of action against the defendant, and particularly no right to the peculiar judgment prayed by the petition.

Judgment affirmed. Judges Bay and Dryden concur.